UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD JONES<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>N. ATHANASSIOUS, DR. KENDALL, DR. BASIS, D. PETER V. LEONI, DR. NORIEGA<br><br>　　　　　Defendants. | CASE NO. CIV 08-1086-JCC<br><br>ORDER DENYING APPOINTMENT OF COUNSEL |

Plaintiff is a state prisoner proceeding *pro se*. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, claiming that Defendants denied him adequate medical care, thereby inflicting cruel and unusual punishment upon him in violation of the Eighth Amendment.

Plaintiff requests that the Court appoint counsel pursuant to 28 U.S.C. § 1915 (e)(1), which provides, "The court may request an attorney to represent any person unable to afford counsel." Plaintiff contends that he has a colorable claim, but is unable to afford counsel. (*See* Mot. 1─2 (Dkt. No. 13).) Due to the asserted complexity of legal the issues, and his inability to marshal evidence while incarcerated, Plaintiff moves for appointment of counsel. (*See id*. at 2–4.)

The Court may appoint counsel only under "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the Court must

ORDER - 1

evaluate the likelihood of success on the merits and the Plaintiff's ability to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "'Neither of these factors is dispositive and both must be viewed together before reaching a decision.'" *Id.* (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Even if Plaintiff cannot articulate his claim, he has not shown any likelihood that his claim would succeed on the merits. In order to establish an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104─05 (1976)). The Ninth Circuit has developed a two part test for establishing deliberate indifference. *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by*, *WMX Techs., Inc. v. Miller*, 104 F.3d 113 (9th Cir. 1997). First, the plaintiff must show "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* at 1056 (*quoting Estelle*, 429 U.S. at 104). Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent; that is, the defendant purposefully ignored or failed to respond to the prisoner's pain, and such indifference caused harm. *Id.* at 1060. A defendant's mere "inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983." *Jett*, 439 F.3d at 1096 (internal quotation and citation omitted).

Plaintiff's complaint does not contain any evidence of deliberate indifference constituting an Eighth Amendment violation. Plaintiff alleges he has "physical impairments, deformity, [and] continual extreme/serious pain" as a result of inadequate medical care following a neck surgery in

ORDER - 2

2000.¹ (*See* Compl. 6 (Dkt. No. 1).) However, Plaintiff offers no medical evidence to support his claims, and instead relies solely on his conclusory allegations. Plaintiff's claims of inadequate care are further refuted by the fact that Plaintiff received three follow-up appointments after his surgery, and now sees his primary care physician every thirty days. (*See* Director's Level Appeal Decision 1 (Dkt. No. 1 at 10).) The evidence does not support Plaintiff's claim that he is receiving inadequate care, and his allegations do not indicate Defendants were deliberately indifferent toward Plaintiff's medical conditions.

Because Plaintiff is unable to show that his claim has any likelihood of success, this case does not present exceptional circumstances, and the request for appointment of counsel (Dkt. No. 13) is DENIED. The Clerk is directed to send uncertified copies of the Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

SO ORDERED this 2nd day of July, 2009.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

¹ Plaintiff also alleges that Defendants did not properly address problems in his left knee, however, this allegation is refuted by a radiology report which indicates that no further treatment is required. (*See* March 3, 2006, MRI (Dkt. No. 1 at 27).)

ORDER - 3