Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

GERALD JONES,

    Plaintiff,

    v.

N. ATHANASSIOUS, *et al.*,

    Defendants.

C08-1086-JCC

**ORDER**

This matter comes before the Court on Plaintiff's motion for leave to file an amended complaint. (Dkt. No. 14). The Court has also considered Defendants' response brief. (Dkt. No. 25). For the reasons explained below, the Court hereby DENIES the motion.

**I.     BACKGROUND**

Plaintiff, a state prisoner who proceeds *pro se* and *in forma pauperis*, filed a complaint in May 2008, alleging that Defendants, who are medical professionals employed by the California State prison system, denied him adequate medical care. (Complaint 4–8 (Dkt. No. 1)). Under Plaintiff's theory of the case, Defendants thereby violated his Eighth Amendment right to be free from cruel and unusual punishments, guaranteed against state actors by the Civil Rights Act of 1871, *codified in relevant part at* 42 U.S.C. § 1983.

ORDER, C08-1086-JCC
Page 1

In the motion for leave to amend the complaint now before the Court, Plaintiff asks to name three additional defendants, two of whom are medical professionals. Specifically, Plaintiff seeks to add two doctors, one of whom examined his neck six years ago, and the other of whom examined his left knee eight years ago. Plaintiff alleges that he later developed health problems with both his neck and knee which demonstrate that these doctors misdiagnosed his conditions. (Motion 1 (Dkt. No. 17)). Plaintiff also seeks to add the warden of the prison where he is incarcerated as a defendant, under the theory that the warden is responsible for all surgeries that occur in the prison. (*Id.*).

## II.     LEGAL STANDARD & RELEVANT LAW

Two separate legal standards apply to this motion: First, Rule 15 of the Federal Rules of Civil Procedure governs motions for leave to amend a complaint, and provides that this Court should "freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 15 nowhere requires that this Court allow a party to perform a futile act, however. Ninth Circuit precedent interpreting Rule 15 allows this Court to deny a motion for leave to amend a complaint when the original complaint "lacks an arguable basis either in law of in fact," or when its other deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Second, the Judiciary Act empowers this Court to dismiss the complaint of a prisoner who seeks redress from the government whenever the complaint "is frivolous, malicious, *or fails to state a claim upon which relief may be granted*[.]" 28 U.S.C. § 1915A (emphasis added).

In order to establish that prison officials violated the Civil Rights Act by abridging his Eighth Amendment rights, an inmate must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Courts in the Ninth Circuit apply a two-part test to determine whether an inmate has made the required showing. First, the inmate must show "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050,

1056 (9th Cir. 1991) (internal markings omitted). Second, the inmate must show "deliberate indifference" by demonstrating that the defendant purposefully ignored his medical needs. *Id.* at 1060; *see also Jett*, 439 F.3d at 1096 ("[A]n inadvertent or negligent failure to provide adequate medical care alone does not state a claim under [the Civil Rights Act].").

## III.   DISCUSSION

Plaintiff's proposed amendments fail to allege that the proposed defendants were deliberately indifferent to his medical needs. Plaintiff alleges that years ago, two separate doctors diagnosed his neck and left knee, respectively, and that he has since experienced medical problems with both body parts. (Motion 1 (Dkt. No. 17)). Even assuming *arguendo* that Plaintiff's allegations are true, he alleges facts tending to show only that the doctors were potentially negligent, not that they were deliberately indifferent to his medical needs. Plaintiff's proposed amendments are therefore futile because they fail to state a claim upon which relief can be granted. *See Jett*, 439 F.3d at 1096 (stating that mere negligence cannot give rise to liability under the Civil Rights Act); *see also Cato*, 70 F.3d at 1106 (stating that a district court may deny a motion for leave to amend when the proposed amendments would be futile).

The allegations with respect to the prison warden are equally bereft of facts tending to show deliberate indifference. Plaintiff simply alleges that the warden was responsible for all surgeries performed in the hospital. (*Id.*). Such conclusory allegations are inadequate to demonstrate deliberate indifference, and therefore fail to state a claim upon which relief can be granted.

## IV.   CONCLUSION

For the aforementioned reasons, the Court hereby DENIES Plaintiff's motion for leave to amend the complaint. (Dkt. No. 17).

//

//

//

//

SO ORDERED this 27th day of September, 2010.

_____
JOHN C. COUGHENOUR
United States District Judge

ORDER, C08-1086-JCC
Page 4