Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARD JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>N. ATHANASSIOUS, *et al.*,<br><br>    Defendants. | C08-1086-JCC<br><br>**ORDER** |

This matter comes before the Court upon the motion for summary judgment of Defendant N. Athanassious. (Dkt. No. 40). In addition to Defendant's motion, the Court has also considered Plaintiff's response (Dkt. No. 44), Defendant's reply (Dkt. No. 45), and the parties' various exhibits and declarations. Having therefore reviewed the relevant record and having concluded that oral argument is unnecessary, the Court hereby GRANTS Defendant's motion. The Court therefore DISMISSES this matter with prejudice.

ORDER, C08-1086-JCC
Page 1

## I. BACKGROUND

Plaintiff commenced this case in May 2008. (Complaint (Dkt. No. 1)). Plaintiff's complaint alleges that Defendant, who is a doctor with the California State prison system, was deliberately indifferent to his medical needs, and that Defendant therefore violated his Eighth Amendment right to be free of cruel and unusual punishment. (*Id.* 8). As recompense for his alleged injuries, Plaintiff seeks money damages of ten million dollars. (*Id.* 3).

Plaintiff's claim deals with a surgery that was performed in September 2000. On September 7, 2000, Defendant Dr. N. Athanassious removed a "large cystic hygroma tumor" from Plaintiff's neck. (*Id.* 3). Plaintiff alleges that the surgery left him with "physical impairments, deformity, continual extreme and serious pain, and damage to major life-line veins." (*Id.* 6). Plaintiff also alleges that Defendant never informed him of the risks associated with surgery, and that he would have never consented to the surgery had he known of such risks. (*Id.* 4).

## II. LEGAL STANDARD

Summary judgement is appropriate if there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A party may move for summary judgment by pointing to an alleged deficiency in the case of its opponent: "The plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. RELEVANT LAW

Defendant is entitled to summary judgment for two independent reasons. First, Plaintiff has failed to offer any evidence tending to indicate that Defendant was deliberately indifferent to his medical needs. Second, Plaintiff's claims are time-barred by the applicable statute of limitations.

### A.   Eighth Amendment

In order to maintain an Eighth Amendment claim based on prison medical treatment, a plaintiff must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The test for deliberate indifference contains two separate elements: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.* at 1096 (internal markings omitted.). "Second, the plaintiff must show that the defendant's response to the need was deliberately indifferent." *Id.*

### B.   Statute of Limitations

Because the Civil Rights Act lacks its own statute of limitations, this Court borrows the statute of limitations of the forum state of California State. *See McDouglas v. County of Imperial*, 942 F.2d 668, 672 (9th Cir. 1991). Under California State law, the statute of limitations for "assault, battery or injury to, or for the death of, an individual caused by the wrongful act or neglect of another" is a period of two years. CAL. CODE OF CIV. PROC. § 335.1.

### IV.   DISCUSSION

Plaintiff's claims against Defendant fail for two separate reasons. First, Plaintiff has failed to offer any evidence tending to indicate that Defendant was "deliberately indifferent" to his medical needs. *See Jett*, 439 F.3d at 1096. At most, Plaintiff alleges facts tending to indicate that Defendant failed to secure Plaintiff's informed consent before performing a surgery to remove a cancerous tumor from his neck, or that Defendant performed the surgery in a negligent manner. Because mere negligence does not rise to the level of a "cruel and unusual punishment" under the Eighth Amendment, *see id.*, Plaintiff's claims against Defendant fail.

//

//

1       Second, Plaintiff filed his complaint well after the statute of limitations had expired. Because the surgery was performed in September 2000, Plaintiff's claims were time-barred in September 2002. Plaintiff's argument to the contrary is confused. Plaintiff argues that because he started an internal prison grievance process in 2008, the statute-of-limitations issue is "void." (Response 2 (Dkt. No. 44)). Plaintiff's argument fails because he commenced the internal grievance process after the statute of limitations had already forever extinguished his claim. The bottom line is that in September 2002, Plaintiff had never initiated an internal grievance or filed a complaint, and that his claims were therefore forever extinguished by California State's two-year statute of limitations.

**V.    CONCLUSION**

For the aforementioned reasons, the Court hereby GRANTS Defendant's motion for summary judgment. (Dkt. No. 40). The Court therefore DISMISSES this matter with prejudice.

SO ORDERED this 31st day of March, 2011.

_____
JOHN C. COUGHENOUR
United States District Judge

ORDER, C08-1086-JCC
Page 4